UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARILYN PRESHA-JACKSON,

       Plaintiff,

                                            CASE NO.: 3:14-cv-00926

v.

MEMORIAL HEALTHCARE GROUP, INC.,
CAC FINANCIAL CORP., and
AMERICOLLECT, INC.,

       Defendants.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant CAC FINANCIAL CORP. ("Defendant"),[1] by and through its undersigned counsel, pursuant to Local Rule 3.01(c), and hereby files this, Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, and states the following in support thereof:

**I.      The Motion to Dismiss does not "inject factual assertions".**

Plaintiff incorrectly asserts that Defendant's Motion to Dismiss "inject[s] factual assertions […] by claiming that they were never aware of the fact that Plaintiff's alleged debt to Memorial was disputed." *See,* DE ¶ 46. In fact, as Plaintiff subsequently admits in her Opposition, Defendant made no "factual assertions" of any kind in the Motion to Dismiss. *Ibid.* at ¶ 49 ("Defendants' [sic] do not state anywhere in their Motion To Dismiss that they were unaware that Plaintiff disputed the alleged debt"). Instead, Defendant's Motion simply identifies

---

[1] While both Defendants CAC FINANCIAL CORP. and AMERICOLLECT, INC., sought and were granted leave to Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (*See,* DE 18 and 21), this Reply is filed only by CAC FINANCIAL CORP.

and analyzes what Plaintiff had, and had not, alleged in her Amended Complaint. Specifically, Defendant argued that "Plaintiff's Amended Complaint is devoid of any factual allegations demonstrating that Defendant knew or should have know that the information was false at the time of the alleged reporting of the debt at issue to the credit reporting agencies." *See,* DE 11 at p. 9. Thus, Defendant's Motion merely directs the Court's attention to the fact that Plaintiff's Amended Complaint *fails* to allege any facts demonstrating that Defendant knew or had reason to know of the disputed status of the debt at the time Defendant allegedly reported the debt to the credit reporting agencies.

In her Opposition, Plaintiff "concedes[] that there is no continuing obligation to amend a previously-made negative credit entry based on a dispute that is made after the negative report" and asserts that "this is not the thrust of Plaintiff's allegations." *See*, DE 16 at ¶ 51. However, as detailed in the Motion to Dismiss, Plaintiff has not pleaded factual allegations capable of establishing that the disputed status of the debt was made known to Defendant *prior to* the alleged reporting of the debt. *See,* DE 11 at pp. 8 – 9. If Plaintiff seeks to premise her claims upon a contention that Defendant knew or had reason to know that the debt was disputed ***prior*** to the alleged reporting, then Plaintiff must, subject to Federal Rule of Civil Procedure 11, alleged a sufficient factual basis for such a theory of liability.

## II.    Plaintiff's allegations are insufficient to demonstrate that Defendant knew or should have known of the disputed status of the debt at the time of the alleged reporting.

Plaintiff argues that her allegation that she "has called and disputed the alleged debt and negative credit entries with Defendants" is sufficient to establish that Defendant was "on notice that the alleged debt was disputed and maintained an obligation to report the alleged debt as disputed." *See,* DE 16 at ¶ 49. However, as Plaintiff concedes, in order to state a cause of action

under the FDCPA, Plaintiff must allege facts which establish that Defendant reported the debt *while on notice* of the dispute. *See, e.g., Alston v. United Collections Bureau, Inc.*, CIV.A. DKC 13-0913, 2014 WL 859013 (D. Md. 2014) *reconsideration denied*, CIV.A. DKC 13-0913, 2014 WL 1660273 (D. Md. 2014)(dismissing plaintiff's complaint for failure to state a claim where plaintiff's allegations failed to demonstrate that defendant knew or should have known that the credit information at issue was false at the time of the alleged reporting). Because Plaintiff fails to allege facts establishing that Plaintiff disputed the debt with Defendant *prior to* Defendant reporting the debt, her claims must be dismissed for failure to state a claim upon which relief may be granted.[2]

### III. Defendant's Motion to Dismiss does not argue that the FCRA "preempts" the FDCPA.

Plaintiff asserts that Defendant "claim[s] that the FCRA somehow preempts the protections of the FDCPA." *See,* DE 16 at ¶ 39. However, this is simply not true, as a review of Defendant's Motion to Dismiss reveals that the word "preempt" does not appear anywhere in Defendant's Motion nor does Defendant make any argument premised upon preemption. Rather, Defendant's Motion merely directs the Court's attention to the sound reasoning of the *Horvath* Court and others, in which it was held that courts scrutinizing FDCPA claims premised upon credit reporting must look to the FCRA to determine whether communications between a debt collector and a credit reporting agency are permissible. *Horvath v. Premium Collection Services, Inc.*, CV-09-2516PHX-GMS, 2010 WL 1945717 at *2 (D. Ariz. 2010).

---

[2] Defendant recognizes that Plaintiff has relied on *Acosta v. Campbell*, 6:04CV761ORL28DAB, 2006 WL 146208 (M.D. Fla. 2006), for the proposition that "[w]hether Defendant failed to communicate to credit reporting agencies that the debt was disputed, or they did communicate such information … is a factual issue which may be resolved at a later stage in the litigation…" *See,* DE 16 at ¶ 41. However, in *Acosta* unlike the instant case, the plaintiff specifically alleged the date that he disputed the debt and the dates of the defendants' subsequent actions. *Id.*, at *13. Moreover, the plaintiff in *Acosta* was *pro se*, and as such the Court held the plaintiff's third amended complaint to "a less stringent standard than that submitted by an attorney[.]" *Id.* at *4. In the instant case, the Plaintiff is represented by an attorney who boasts "significant" experience and the receipt of "several awards & recognitions" for his legal work. *See, http://www.robersonlawjax.com/meet-eric/*

## IV.     The FCRA is not "void of a private right of action".

Plaintiff disingenuously asserts that "Defendants attempt to pigeonhole Plaintiff's claim into a statute that is void of a private right of action" by asserting that Plaintiff is impermissibly attempting to circumvent the FCRA. *See,* DE 16 at ¶ 44. As the Court explained in *Horvath*, the FCRA does provide a private cause of action to consumers aggrieved by credit reporting activity. However consumers must abide by the FCRA's statutory scheme in order to establish the impropriety of a reporting. *Id.*, 2010 WL 1945717 at *2. Specifically, the Court in *Horvath* explained that:

> [W]hile § 1681s–2(b) would provide a private right of action, Mr. Horvath has not alleged that he contacted PCS or the credit reporting agencies to dispute the debt. And even if he did contact the consumer reporting agencies, he has not alleged that those agencies notified PCS of the dispute or that PCS failed to comply with its obligations under § 1681 s–2(b). Thus, to the extent that Mr. Horvath contends that PCS's contact with consumer reporting agencies was unlawful, he has not provided a legal basis suggesting that this is the case.

*Id.*

In the instant case, Plaintiff seeks to impermissibly circumvent the requirements of the FCRA by asserting an FDCPA claim premised solely on credit reporting. As in *Hovath,* Plaintiff has not alleged that she followed the procedural mandates imposed by the FCRA, and thus she cannot establish that Defendant's alleged "contact with consumer reporting agencies was unlawful." *Id.* Accordingly, Plaintiff's FDCPA claims must fails as a matter of law.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court GRANTING Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

**[Attorney signature appears on the following page]**

Respectfully submitted by:

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808